# Emery Lumber Company, Appellant, *v.* Sullivan County.

*Taxation—Assessment—Logging company—Lumber company—Dam—Act of June 22, 1883, P. L. 156.*

The title of a lumber company to a dam in a stream is not divested by the mere incorporation of a logging company "for the purpose of the construction of dams" in the same stream. It seems that even if the bond

provided by the Act of June 22, 1883, P. L. 156, were filed, it would not necessarily divest title to dams in the stream belonging to other parties. The exercise of the franchises of the logging company is not inconsistent with the ownership of dams in other parties.

The finding of facts of the court of common pleas in assessments of taxes have great weight.

Argued March 8, 1905.   Appeal, No. 7, March T., 1905, by plaintiff, from order of C. P. Sullivan Co., May T., 1901, No. 44, dismissing appeal from tax settlement in case of Emery Lumber Company v. Sullivan County.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER and HENDERSON, JJ. Affirmed.

Appeal from tax settlement.   Before SULLIVAN, P. J.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was order dismissing appeal.

*Seth T. McCormick* and *Thos. J. Ingham*, with them *F. H. Ingham*, for appellant.—When a sufficient bond, with sureties approved by the court, has been given, the company acquires as clear and perfect right to the easement as if it had paid therefor in cash: Hoffman's App., 118 Pa. 512; Fischer v. R. R. Co., 175 Pa. 554; Fries v. Southern Penna. R. R. & Mining Co., 85 Pa. 73; Williamsport, etc., R. R. Co. v. Phila. etc., R. R. Co., 141 Pa. 407; Genesee Fork Imp. Co. v. Ives, 144 Pa. 114.

It has been repeatedly ruled that the property of canal and railroad companies, and other quasi public corporations, necessary for the exercise of their several franchises, as depots, tollhouses and water stations, is not taxable for local purposes: County of Erie v. Transportation Co., 87 Pa. 434, 437; Northampton Co. v. Easton Passenger Ry. Co., 148 Pa. 282; Phila. v. Traction Co., 208 Pa. 157; Lehigh Coal & Navigation Co. v. Northampton County, 8 W. & S. 334; Schuylkill Nav. Co. v. Commrs. of Berks County, 11 Pa. 202; Wayne County v. Canal Co., 15 Pa. 351; West Chester Gas Co. v. Chester County, 30 Pa. 232; St. Mary's Gas Co. v. Elk County, 168 Pa. 401; St. Mary's Gas Co. v. Elk County, 191 Pa. 458.

*E. J. Mullen*, for appellee.—The authorities are uniform in

holding that in the taking of land by a corporation, clothed with the power of eminent domain, there must be a valid location on the ground before the title of the owner is divested: Williamsport, etc., R. R. Co. v. Phila., etc., R. R. Co., 141 Pa. 407.

From their local knowledge of the subject of taxation as well as the advantage they will have in determining the credibility of the witnesses, the findings of fact of the courts of common pleas in assessment of taxes, cases would necessarily have and should have great weight with us : Rockhill Iron & Coal Company v. Fulton County, 204 Pa. 44.

OPINION BY HENDERSON, J., July 13, 1905 :

The township assessor returned the assessment of " twelve acres of improved land and splash dam, valuation $4500 ; name of owner Emery Lumber Company." The presumption is that the officer acted within the limits of his .duty, and that the assessment was made against the owner of the property. This establishes a prima facie case of liability of the Emery Lumber Company, and the burden is on it, to make it appear that the property so assessed did not belong to it at the time of the assessment. The evidence offered in the court below on the hearing of the appeal, shows that the property was conveyed to the Emery Lumber Company, and we do not find any evidence that the title has become vested in any other person or company. It is contended, however, that by virtue of its charter under the act of 1874, as amended by the Acts of June 22, 1883, P. L. 156, May 21, 1889, P. L. 259, and June 10, 1893, P. L. 412; the Loyal Sock Logging Company acquired title to the property in question, divesting the interest of the Emery Lumber Company therein.

An effort was made at the trial to show that the former company had complied with the requirements of the 5th section of the Act of June 22, 1883, by filing a bond " conditioned to indemnify all and every person whose property may be injured by reason of the construction and operation of the improvements of said corporation," as required by that statute, in the court of common pleas of Sullivan county ; and that it thereby acquired all the rights in the property in question theretofore existing in the Emery Lumber Company. The

filing of this bond was a condition precedent to the exercise of its franchise by the logging company, and the appellant failed to prove in the court below that this bond had been filed. The prothonotary's record showed that a bond of some kind had been filed, but its contents and conditions were not proved. It did not therefore appear that the logging company had complied with the requirements necessary to enable it to exercise its corporate functions, and the court rightly concluded that the property was correctly assessed to the lumber company in whose name the title stood.

The evidence as to the incorporation of the logging company and its use of the dam was therefore immaterial, as held by the learned judge below.

It may well be doubted, however, whether if the contents of the bond had been proved the contention of the appellant could be sustained. The logging company was chartered " for the purpose of the construction of dams, transmission of power, and driving and floating of logs, timber and lumber on thirty-five miles of Loyal Sock Creek," but such a franchise does not necessarily imply the acquisition of the title to dams existing on the stream. The exercise of the franchise by the logging company is not incompatible with the ownership of the dam by another person or company. The damages which the logging company is required to secure by the 4th section of the act of 1883, are such as " may be occasioned by reason of the erection of splash dams on said streams, and the driving and floating of logs, timber and lumber thereon." It is provided by the act that when such company cannot agree with the owner or owners of such dams, or riparian owners, for the damages aforesaid, then the damages done or likely to be done shall be assessed, and the right of possession and use of the stream or streams acquired.

If the logging company acquired power under its charter to do more than use the stream for the transportation of logs and lumber, and in so doing to use to the extent necessary dams of other owners on the stream, and in the exercise of such other power it became desirable to acquire land along the stream, it would seem to have been necessary to locate and define the land so taken. Some corporate action designating the land to be appropriated should be had. A servitude

EMERY LUMBER CO., Appellant, v. SULLIVAN CO. 455

would thereby be fixed upon the particular property which would take it from the owner and appropriate it to the use of the corporation.  It does not appear from the evidence, that any corporate action was ever taken by the logging company looking to the condemnation of land along the stream, and to what extent the land assessed was desirable or necessary in the prosecution of its business has never been determined by the logging company.

We concur, however, in the opinion of the learned judge of the court below, that under the evidence submitted at the trial, it did not appear that the title of the Emery Lumber Company had been divested.  The property was assessed in its entirety and there was evidence which justified the conclusion of the court on the subject of value.  " The findings of fact of the court of common pleas in assessments of taxes would necessarily have and should have great weight: "  Rockhill Iron & Coal Co. v. Fulton County, 204 Pa. 44.

The judgment is affirmed.